JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO ROQUE, JR., | ) | CASE NO. CV 18-7806-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR REMAND |
| v. | ) | |
| | ) | |
| RMS COMPUTER CORPORATION; et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Ricardo Roque, Jr.'s Motion for Remand, filed October 16, 2018. (Dkt. No. 18). Having been briefed by the parties, this Court took the matter under submission on November 15, 2018.

Pursuant to Local Rule 7-9, an opposition to a motion, other than a motion for a new trial, must be filed "not later that twenty-one (21) days before the date designated for the hearing of the motion. . ." C.D. Cal. L.R. 7-9. In addition, according to Local Rule 7-12, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

Here, the hearing on the Motion for Remand is set for November 19, 2018, making the opposition to said motion due no later than October 29, 2018. However, Defendant failed to file

an opposition until November 5, 2018. On these grounds alone, the Court may, and does, deem such an untimely response as consent to the granting of Plaintiff's motion.

Even if this Court did not grant Plaintiff's motion on the grounds that Defendant failed to timely file an opposition, it would nonetheless grant the motion for Defendant's failure to establish by a preponderance of the evidence standard that the amount in controversy exceeds $75,000.

Where the amount in controversy is challenged on a motion for remand, the removing Defendant must present evidence supporting the claimed amount in controversy. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The removing party bears the burden of establishing, by a preponderance of the evidence standard, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Here, Plaintiff asserts a number of claims against the Defendant, including: 1) failure to furnish itemized wage statements in violation of Labor Code section 226; 2) failure to timely pay wages in violation of Labor Code section 204; 3) failure to timely pay all wages at termination in violation of Labor Code section 201 and 202; 4) failure to pay minimum wage in violation of Labor Code sections 1194, 1194.2, and 1197; 5) failure to provide personnel records in violation of Labor Code section 1198.5; and 6) failure to provide payroll records in violation of Labor Code section 226(b). Plaintiff thoroughly discusses in his motion, and this Court agrees, that the aggregate value of these claims on an individual basis is no more than $15,588.80. In addition to Defendant's failure to timely file an opposition to Plaintiff's motion, Defendant failed to present evidence supporting its assertion that the amount in controversy exceeds $75,000. As a result, Plaintiff's Motion for Remand is GRANTED.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand is GRANTED. (Dkt. No. 18).

Dated: November 19, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

2